IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

JEREMY BLUMENAUER,
(on behalf of himsel and all others
similary situated),

    Plaintiff,

v.

MADSKY MRP LLC,

    Defendant.
_____/

Civil Action No. CACE-21-005184
in the Circuit Court of the Seventeenth
Judicial Circuit in and for Broward County
Judge David A. Harris

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441, 1446 and 1453, Named-Defendant Madsky MRP LLC[1] ("Madsky") hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida. Removal is proper on the following grounds:

### Background

1. On March 12, 2021, Jeremy Blumenauer, on behalf of himself and all other persons similarly situated, filed a class action complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida against Named-Defendant Madsky as Case No. CACE-21-005184 (the "State Court Action"). A copy of the Complaint and Summons, which constitutes all process, pleadings, and orders purportedly served on Madsky in the State Court Action is attached as Exhibit "A".

---

[1] The entity identified as the Defendant in this action ceased to exist in 2019, two years prior the allegations giving rise to Plaintiff's claim. Named-Defendant reserves the right to address the improperly named party following removal.

2. Service of process was delivered as indicated on the Summons in the State Court Action on March 16, 2021.

## Venue

3. Venue is proper in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§1391 and 1441(a), because it encompasses the county in which the State Court Action was originally filed.

## Timely Removal

4. This Notice of Removal is timely filed, pursuant to 28 U.S.C. 1446(b), because it is being filed within thirty days of the purported service of the initial pleading and summons in the State Court Action. Moreover, this Notice of Removal is being filed less than thirty days following the filing of the State Court Action.

## Notice to the Plaintiff and Copies of Pleadings Attached

5. Concurrently with the filing of this Notice, Madsky is serving written notice of removal to counsel for Plaintiff and is filing a copy of this Notice with the Clerk of Courts for the Seventeenth Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d). A copy of the State Court Action docket and available pleadings are attached as Composite Exhibit "B."

## The Parties

6. Plaintiff alleges that he is a citizen and resident of Broward County, Florida and is, therefore, presumed to be a citizen of the State of Florida.

7. Madsky was a limited liability company, organized under the laws of the State of Texas prior to its dissolution, as indicated by the records of the Texas Secretary of State.

### Joinder of All Defendants in Removal

8.  Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must consent to removal.  Madsky is the only named defendant in this action, and consents to removal.

### Basis for Federal Court Jurisdiction

9.  The State Court Action is not a non-removable action as described in 28 U.S.C. § 1445.

10.  This matter is removable pursuant to federal question jurisdiction, 28 U.S.C. §1331.

11.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12.  Federal question jurisdiction, pursuant to 28 U.S.C. § 1331, exists because Plaintiff asserts claims for violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §227, a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 379 (2012) (holding federal district courts have concurrent federal-question jurisdiction over private TCPA lawsuits).

### Conclusion

13.  By filing a Notice of Removal, Madsky does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

14. Further, Madsky respectfully requests an opportunity to conduct limited discovery and submit additional argument or evidence on the issue of jurisdiction if Plaintiff challenges this Notice of Removal and such discovery or argument becomes necessary.

WHEREFORE, Named-Defendant Madsky MRP LLC removes the above-styled action to this Court.

                ROIG LAWYERS
                44 W. Flagler Street, Suite 2100
                Miami, FL 33130
                Tel: (305) 405-0997 / (305) 405-1022 Fax
                Pleadings@RoigLawyers.com
                nbellido@roiglawyers.com

By: /s/NELSON C. BELLIDO
     NELSON C. BELLIDO
     Florida Bar No. 974048
     *Attorneys for Defendant, Madsky MRP LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 5th day of April, 2021, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

## SERVICE LIST

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street
Suite 1744
Fort Lauderdale, Florida 33301
Jibrael@jibraellaw.com
tom@jibraellaw.com

By: /s/Nelson C. Bellido
NELSON C. BELLIDO