**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:21-cv-60738-RS**

JEREMY BLUMENAUER,
*individually and on behalf of all others similarly situated*,

    Plaintiff,

vs.

MADSKY MRP LLC,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

# FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Jeremy Blumenauer brings this class action against Defendant Madsky MRP, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

2. To promote its insurance claims services, Defendant engages in unsolicited text messaging utilizing an automatic telephone dialing system.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

**PARTIES**

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Broward County, Florida, and the subscriber and/or sole user of the cellular telephone number 954-***-7472 (the "7472 Number").

5. Defendant is, and at all times relevant hereto was, a Colorado corporation and a "person" as defined by 47 U.S.C. § 153(39), with a principal address of 365 Inverness Parkway, Suite 150, Englewood, Colorado. Defendant directs, markets, and provides business activities throughout the State of Florida.

**JURISDICTION AND VENUE**

6. As outlined in Plaintiff's Motion to Remand, [DE 8], Plaintiff respectfully submits that this case should be remanded to the state court where it was originally filed. Plaintiff alleges that the state court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited text messages to Plaintiff in Florida. Plaintiff's 7472 Number has an area code associated with geographic locations in Florida. Thus, Defendant knew or should have known that it was causing harm to Plaintiff in Florida. Plaintiff received such messages while residing in and physically present in Florida.

8. Venue for this action is proper in Broward County because all facts giving rise to this action occurred in Broward County.

## FACTS

9. Beginning on or about March 10, 2021, Defendant sent the following text message to Plaintiff's 7472 Number:



10. Plaintiff received the subject text message within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

11. The purpose of Defendant's text message was to promote and advertise its services.

12. Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

13. Plaintiff is the subscriber and sole user of the 7472 Number and is financially responsible for phone service to the 7472 Number.

14. Plaintiff never provided Defendant with express consent or express written consent to contact the 7472 with advertisements using an automatic telephone dialing system.

15. Defendant's text message was generically formatted and scripted.

16. The equipment

17. To send the text messages, Defendant used a text messaging platform (the "Platform") that permitted Defendant to transmit bulk SMS text messages. Information regarding the capabilities of the Platform and how it was utilized by Defendant are solely within Defendant's possession and control. Systems like the Platform utilized by Defendant have the capacity to transmit thousands of messages per second and are technologically more sophisticated in their availability to transmit messages than a traditional smartphone.

18. Upon information and belief, the Platform utilized by Defendant is an ATDS because it has the capacity to (1) store telephone numbers; (2) using a random or sequential number generator.

19. Specifically, upon information and belief, the Platform has the capacity to indefinitely store telephone numbers within a computer database for subsequent dialing.

20. Further, upon information and belief, the Platform has the capacity to utilize a random and sequential number generator in the storage of those numbers, and does in fact utilize said number generator for a variety of functions including, but not limited to, the selection and creation of SMS packets containing the target telephone numbers to be dialed by the Platform, as well as the sequential and/or random selection of telephone numbers to be dialed from a preselected list of numbers.

21. A packet in the context of SMS transmission is an envelope of data that contains various instructions and content, including the target cellular telephone number to be dialed, the

sequence in which to dial each number, and wording of the message. The following is an example of a typical SMS packet:

> SubmitReq:StatusReportReq=true,Destination=0011166500313,Sequence=35722
> 139,Originator=91157,OriginatorType=3,Body=3:2e:0a11:2f14:2f11:0aDEBIT(p)
> $1:2e47:0aCHKCARDFOUTSETCROBERTIDUS:0aFornexttransaction:3aReply
> N:0aForprevious:3aReplyP,BillingRef=,ClientRef=41883049-
> 1,ProfileId=31174,Operator=31003,Tariff=0,Tag-
> Program=stdrt,TagChClientID=31174,TagChUsername=corvette_31174,ServiceI
> d=51437,Interface=xml,

22.     In the context of SMS packet creation, the Platform utilizes a random and/or sequential number generator to pull and generate telephone numbers and transfer those numbers to a separate file for the creation of the packets, and ultimately placement into each independent SMS packet.

23.     In the context of dialing the numbers, the Platform utilizes a random and/or sequential number generator to pick and designate the sequence in which to dial the telephone numbers. The Platform independently selects the rate and time at which to dial each telephone numbers and may temporarily store the packets in a queue when the volume exceeds capacity to deliver them.

24.     The Platform also has the capacity to use its random and/or sequential number generator to generate random or sequential identification numbers that it assigns to each SMS packet.

25.     Defendant's unsolicited calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to his life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

26. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of class two classes and defined as:

> **No Consent Class: All persons in the United States who, within four years prior to the filing of this action, (1) were sent a text message by or on behalf of Defendant, (2) using the same equipment or type of equipment utilized to text message Plaintiff, (3) regarding Defendant's property, goods, and/or services, and (4) for which Defendant failed to secure the called party's consent.**

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

28. Upon information and belief, Defendant has placed calls to cellular telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

30. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telemarketing calls to telephone numbers; [2] Whether Defendant can meet its burden of showing that it had express consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

31. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

33. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

34. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained

by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the No Consent Class)**

36. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

37. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

38. Defendant used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

39. These calls were made without the consent of the called party in that Defendant failed to secure express consent and/or continued to transmit text messages after consent was revoked.

40. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their consent.

41. Defendant knew that it did not have consent to make these calls and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

42. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and its implementing regulations, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and its implementing regulations, Plaintiff seeks for himself and each

member of the Classes treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

f) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

g) An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment;

h) A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

i) A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii) were willful and knowing; and

j) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

DATED: May 10, 2021

Respectfully Submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail: tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136