UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60738-CIV-SMITH

JEREMY BLUMENAUER, *individually
and on behalf of all others similarly situated,*

      Plaintiff,

v.

MADSKY MRP LLC,

      Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand [DE 8], Defendant's Response in Opposition [DE 10], and Plaintiff's Reply [DE 11]. For the reasons that follow, Plaintiff's Motion to Remand is granted.

Plaintiff, Jeremy Blumenaur has brought suit against Defendant, Madasky MRP LLC, alleging Defendant violated f the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, when Defendant allegedly sent a single text message to Plaintiff's cellular phone. On March 12, 2021, Plaintiff commenced this suit by filing his initial one-count complaint against Defendant in the Seventeenth Judicial Circuit in and for Broward County, Florida. On April 5, 2021, Defendant removed the suit to federal court predicated upon federal question jurisdiction. Plaintiff seeks to remand the suit to state court, arguing that the Court lacks jurisdiction over the claim.

Plaintiff primarily relies on the Eleventh Circuit's ruling in *Salcedo v. Hanna,* 96 F.3d 1162 (11th Cir. 2019), in which the Eleventh Circuit found that the receipt of a single unsolicited text message does not constitute a concrete injury-in-fact and was therefore insufficient to establish

Article III standing. 96 F.3d at 1172; *see Cordoba v. DIRECTV, LLC,* 942 F.3d 1259 (11th Cir. 2019) (reaffirming the holding that "the receipt of a single unsolicited text message does not qualify as an injury in fact"). The Court finds that, pursuant to the Eleventh Circuit's ruling in *Salcedo*, the Plaintiff has failed to allege a concrete injury-in-fact sufficient to establish Article III standing, and therefore, the Court lacks subject matter jurisdiction over this matter.

When the Court lacks subject matter jurisdiction over a case that has been removed from state court, the proper disposition is to remand. *See* 28 U.S.C. § 1447(c) (providing that, for a case that has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c) . . . give no discretion to dismiss rather than remand an action."). Thus, the Court, having found that it lacks subject matter jurisdiction, must remand this action to state court. Accordingly, it is

**ORDERED** that:

1. Plaintiff's Motion to Remand [DE 8] is **GRANTED**.

2. The Clerk of the Court is directed to **REMAND** this case to the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. Defendant's Motion to Dismiss [DE 17] is **DENIED without prejudice.**

4. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 15th day of March, 2022.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   Counsel of record